[No. G033775. Fourth Dist., Div. Three. Feb. 17, 2005.]

ALAN R. SPORN, Plaintiff and Respondent, v.
HOME DEPOT USA, INC., Defendant and Appellant.

1296

**COUNSEL**

Pillsbury Winthrop, Richard S. Ruben, Kevin M. Fong, Ralph H. Blakeney and Damon Eisenbrey for Defendant and Appellant.

Law Offices of Steven R. Young and Steven R. Young for Plaintiff and Respondent.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Defendant Home Depot USA, Inc., appeals from an order denying its motions to set aside a default and the resulting default judgment in favor of plaintiff Alan R. Sporn. We agree with the trial court that the motion for relief from default was untimely and affirm the order. We deny plaintiff's motion to dismiss the appeal and grant his motion for sanctions.

### FACTS AND PROCEDURAL HISTORY

Plaintiff sued defendant and "John Doe" on August 14, 2002 for negligence, gross negligence, theft of identity, fraudulent misrepresentation, and fraud. The gist of his complaint is that the fictitiously named defendant used plaintiff's identity to obtain credit from defendant. He also alleges that defendant made monthly credit inquiries of Equifax, a credit reporting agency, and because of these frequent inquiries, he was unable to obtain "the best rates of interest." As a result of defendant's conduct, plaintiff claims he suffered physical and emotional distress, personal and business embarrassment, lost business opportunities, and lost creditworthiness. For each of his five causes of action he prayed for $5 million in general damages and $10 million in punitive damages.

Defendant's designated agent for service of process was served on August 23. On September 30, plaintiff's lawyer, Kelly Johnson, sent a letter to defendant, in care of its authorized agent, enclosing a copy of the previously served summons. She wrote that the summons had been served on August 23; although it had been due on September 23, no responsive pleading had been received; and unless such a pleading was received by October 7, she would seek the entry of defendant's default. Johnson did not receive a response, and on October 10 she filed a request for entry of default, serving a copy on defendant.

Chronologically, the next item in the record is a letter dated October 28 and stamped "Received Legal Dept." (capitalization omitted) on October 31. It was addressed to defendant's corporate counsel from GE Card Services, Inc. (GE; also referred to in the letter as Monogram). Enclosed with the letter was a copy of Johnson's September 30 letter as well as a copy of the request for entry of default. The letter recites that both of these documents were served on defendant's agent; defendant had received both documents on

October 3 and then forwarded them to Monogram; and Monogram had received the documents on October 24 without any cover letter or other explanation. The letter also states that Monogram would take no action to defend or indemnify defendant in connection with the suit and notifies defendant "to take any and all appropriate action to defend its interests in connection with the Lawsuit, until such time as a formal tender of defense and indemnification is made."

Defendant did nothing.

On September 25, the court had served Johnson with notice of a case management conference set for January 24, 2003 and ordered "[p]laintiff . . . to give notice to all active parties." The clerk served an identical notice with the same instructions on November 11. A January 24 minute order reflects that the management conference was then continued for a default prove-up on July 15 and instructs "[c]ounsel for plaintiff to give notice." (Capitalization omitted.) On July 15, 2003, the court heard testimony from plaintiff and another witness, received documentary evidence, and issued a default judgment in favor of plaintiff for $930,000.

Finally, on March 10, 2004, after being apprised of a writ of execution issued on February 10, defendant made its first appearance by way of an ex parte application for a stay, which the court denied. Five days later, defendant filed another ex parte application, essentially seeking the same relief. The minute order of the same date is silent as to the disposition of this motion. On March 11, defendant filed a motion to set aside the default and default judgment and recall the writ of execution.

In its points and authorities in support of the motion, defendant concedes proper service of the summons and complaint and the request for entry of default, but places the blame for its failure to take any action for well over a year on Johnson's failure to serve notices of the case management conference and the default prove-up hearing. The document accuses Johnson of extrinsic fraud and fraud on the court for these asserted breaches of duty.

The declaration of Karen B. Polyakov, defendant's corporate counsel, acknowledges that defendant received the summons and complaint from its designated agent on August 28, 2002. A "Legal Document Coordinator" forwarded the documents to Monogram (a GE subsidiary), allegedly the entity responsible for defendant's defense. On October 3, defendant received Johnson's letter from its agent. The coordinator forwarded the letter to defendant's credit marketing department. The copy of the notice of request for entry of default, received a day later, was forwarded to the same department. In neither Polyakov's nor any other declaration is there any

explanation why no further action was taken. But Polyakov further declared that, if only she had received the notice of case management conference and of the scheduled default prove-up, she would have forwarded the documents to defendant's legal department, plaintiff's counsel would have been contacted immediately, etc., etc.

The motion to set aside the default and the default judgment was heard and denied after argument on March 22. The order denying the motion includes the following findings: (1) defendant was properly served with the summons and complaint and with the request to enter default; (2) more than six months had elapsed from the date of entry of judgment until defendant filed its motion to vacate the judgment; (3) plaintiff had done nothing to prevent defendant from responding to the complaint; (4) plaintiff committed no extrinsic fraud "either in connection with defendant's failure to respond to the complaint or defendant's failure to timely move for relief from the default"; and (5) plaintiff had not been obliged to give notice of the case management conference.

## DISCUSSION

*The appeal was timely.*

■ Plaintiff's motion to dismiss the appeal as untimely was based on the contention that the time to appeal started running when the judgment was entered. But this is not an appeal from the judgment; it is an appeal from a postjudgment order. The time for such an appeal does not start running until the order is made. The appeal was filed within days of the order denying the motion to set aside the default and judgment and was therefore timely. (See Cal. Rules of Court, rule 2 (a) & (f); *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1469 [258 Cal.Rptr. 907].)

*The motion for relief from the default and the judgment was untimely.*

<u>The time for motions under Code of Civil Procedure</u>
<u>sections 473, subdivision (b) and 473.5 had expired.</u>

■ The court may relieve a party from a judgment entered against it through its "mistake, inadvertence, surprise or excusable neglect." (Code Civ. Proc., § 473, subd. (b); all further statutory references are to this code unless otherwise indicated.) But the motion under this section must be made within six months from the entry of the default or the default judgment. Obviously defendant cannot avail itself of relief under this statute. Nor can defendant rely on section 473.5, which provides a two-year window to set aside a default or default judgment where defendant lacks actual notice of the service

of process. Defendant had such notice both by service on its designated agent and by receipt of the documents by its in-house department on August 28, 2002.

<u>Accusations directed at plaintiff and his lawyer do not demonstrate the existence of extrinsic fraud.</u>

Realizing the time limitations imposed by sections 473 and 473.5, defendant seeks to escape the results of its own carelessness by an offensive characterization of plaintiff's conduct. We are less than impressed by defendant's accusations that plaintiff "obtained [the judgment] by stealth," was "laying [sic] in the weeds," "obtained the default judgment from the trial court through his and his attorney's acts and omissions which constituted extrinsic fraud," concealed facts from the court, and engaged in "improper tactics." The record does not support these characterizations. Plaintiff properly served defendant, extended a commendable courtesy by advising defendant of the default and unilaterally extending the time to respond, and, as required, properly notified defendant of the request to enter its default.

■ Defendant, relying on the unsupported attacks on the integrity of plaintiff and his lawyer, seeks to invoke the inherent equitable power of the court to set aside a default judgment based on *extrinsic* fraud. (*Olivera v. Grace* (1942) 19 Cal.2d 570, 576–577 [122 P.2d 564].) But, in spite of defendant's inappropriate characterization of plaintiff's conduct, there is nothing in the record that would support a finding of extrinsic fraud.

■ "Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: . . . failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed). [Citation.] The essence of extrinsic fraud is one party's preventing the other from having his day in court." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067 [41 Cal.Rptr.2d 797, 41 Cal.Rptr.2d 797]; accord, *Estate of Sanders* (1985) 40 Cal.3d 607, 614 [221 Cal.Rptr. 432, 710 P.2d 232].) Extrinsic fraud only arises when one party has in some way fraudulently been prevented from presenting his or her claim or defense. (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 905 [191 Cal.Rptr. 629, 663 P.2d 187]; *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471 [82 Cal.Rptr. 489, 462 P.2d 17].)

Plaintiff did nothing to prevent defendant from having its day in court. Defendant was properly served with the summons and complaint and the

request to enter default. In addition, although not required to do so, plaintiff sent defendant a letter warning that a default would be taken and unilaterally extending the time for defendant to plead.

<u>Defendant failed to demonstrate an excuse for its failure to act.</u>

■ An essential requirement to obtain relief from a judgment on grounds of extrinsic fraud is that defendant demonstrate a satisfactory excuse for not defending the action. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982 [35 Cal.Rptr.2d 669, 884 P.2d 126]; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) ¶ 5:435, p. 5-101.) An obvious gap appears in the evidence submitted in support of the motion to vacate: there is no statement that the papers were lost, stolen, forwarded to the wrong person, or eaten by the dog. Nothing in the record discloses what caused defendant to ignore the summons and complaint, the letter from plaintiff's lawyer, the request to enter default, and the letter from GE. No excuse, satisfactory or otherwise, was presented.

The letter from GE suggests that there may have been a conflict between defendant and Monogram as to who should furnish the defense. But if these two entities were playing a game of hardball, they only have themselves to blame. Their apparent belief that they can persuade this court to somehow make up for the consequences of their conduct by the excessive use of noxious characterizations to describe the conduct of plaintiff and his lawyer is mistaken and offensive.

*Defendant was not entitled to further notice.*

■ After the default was entered, defendant was no longer an active party in the litigation and thus was not entitled to any further notices. "The clerk's entry of default cuts off the defendant's right to take further affirmative steps such as filing a pleading or motion, and the defendant is not entitled to notices or service of pleadings or papers." (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 152, p. 569, italics omitted; see also Code of Civil Proc., § 1010 [no "notice or paper, other than amendments to the pleadings, or amended pleading, need be served"].)

■ Defendant argues that on September 25, 2002, when the court first scheduled a status conference for January 24, 2003, it was still an "active party" and entitled to notice because its default had not yet been entered. But no rule requires such notice be given immediately upon receipt of the order. Under California Rules of Court, rule 212(b)(2), notice of a case management conference must be given no later than 45 days before the conference, in this

case, no later than December 10, 2002. Defendant was in default and no longer entitled to notice long before that date.

*No separate statement of damages was required.*

■ Defendant also attacks the judgment under section 425.11, contending that plaintiff was required to serve it with a statement of damages and failed to do so. Section 425.11 applies to an action for personal injuries or wrongful death and was passed concurrently with the amendment to section 425.10 that prohibits stating the amount demanded in the complaint filed in such an action. Section 425.11 was enacted to satisfy the due process requirement that defendants be apprised of their exposure before a default may be taken. (See *Parish v. Peters* (1991) 1 Cal.App.4th 202, 208 [1 Cal.Rptr.2d 836].) But here the complaint, which was not limited to personal injuries and did not claim wrongful death, expressly apprised defendant of the amount demanded. A statement of damages would have been superfluous and was not required under these circumstances.

*Defendant cannot defeat the judgment based on the evidence produced at the prove-up.*

Defendant argues that plaintiff obtained a different form of relief and based his case on a different theory than that pleaded in the complaint. As to the form of relief, the complaint demanded a money judgment; the court entered a money judgment.

But the thrust of the argument is that the judgment awarded "a different nature of damages than demanded in the complaint." (Capitalization and underlining omitted.) Defendant contends that, because the complaint did not specifically allege violation of the federal Fair Credit Reporting Act and Civil Code section 1786.50, evidence relating to these statutes was an improper basis for the award. We note, in passing, that defendant failed to supply us with a citation to the federal statute or a record reference to the citation to section 1786.50 in the transcript of the hearing, but the bigger problem is defendant's failure to advance a convincing argument in support of its position.

■ The three cases defendant cites in support of the argument do not deal with analogous situations and have nothing to do with the nature of the evidence presented at the prove-up hearings; they concern situations where the judgment exceeded the relief demanded in the pleading. In both *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494 [165 Cal.Rptr. 825, 612 P.2d 915] and *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1742 [33 Cal.Rptr.2d 391], the amount of the default judgment exceeded the prayer of

the complaint. In *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [276 Cal.Rptr. 290, 801 P.2d 1041], the court made an order for child support in a default prove-up even though child support had not been requested in the pleadings. None of these cases suggest that if the relief granted is consistent with that demanded in the pleadings, defendant, attacking a default judgment, has standing to complain of the type of evidence offered in the prove-up. Rather, the " 'sufficiency of the evidence cannot be reviewed on an appeal from a default judgment.' [Citation.]" (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 320 [247 Cal.Rptr. 100].) The default admits the allegations of the complaint. If extraneous evidence is introduced at the prove-up hearing, defendant lacks standing to complain.

Although not cited by defendant, there are cases allowing an attack on appeal where the damages awarded in a default judgment are excessive. (E.g., *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1150 [131 Cal.Rptr.2d 393]; *Uva v. Evans* (1978) 83 Cal.App.3d 356, 363–364 [147 Cal.Rptr. 795]. But these cases arose from appeals from default *judgments*. As we noted at the outset, the time for an appeal from the judgment here is long past. Defendant has failed to supply us with any authority for the proposition that we may review the evidence presented at the prove-up hearing on an appeal from a motion to vacate the default judgment filed long after the judgment has become final. Contentions on appeal are waived by a party who fails to support them with reasoned argument and citations to authority. (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1215 [4 Cal.Rptr.3d 519]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].)

*Plaintiff is entitled to sanctions.*

Plaintiff moved for sanctions. The utter lack of merit renders the appeal frivolous and, combined with the unnecessary attacks directed at plaintiff and his lawyers, calls for an award of sanctions in favor of plaintiff. The matter is remanded to the trial court to determine the reasonable value of fees and expenses incurred by plaintiff in resisting this appeal. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 462 [212 Cal.Rptr. 743].) The amount of sanctions to be awarded shall consist of such fees and expenses.

## DISPOSITION

The order denying the motion to vacate the default and the default judgment is affirmed. The motion to dismiss the appeal is denied. The motion for sanctions is granted. The matter is remanded to the trial court to determine the reasonable value of the fees and expenses incurred by respondent in resisting this appeal. The trial court shall thereupon order appellant to pay respondent and his attorney, jointly, a sum equal to such fees and expenses. This sum shall be payable immediately upon order of the trial court.

Bedsworth, J., and Ikola, J., concurred.