Filed 5/6/13  Perkins Coie v. Viacom CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PERKINS COIE LLP,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>VIACOM, INC.,<br><br>　　　Defendant and Respondent. | B238420<br><br>(Los Angeles County<br>Super. Ct. No. BC425223) |

　　　APPEAL from an order and judgment of the Superior Court of Los Angeles County.  James R. Dunn, Judge.  Reversed with directions.

　　　Aires Law Firm, Timothy Carl Aires for Plaintiff and Appellant.

　　　Kendall Brill & Klieger, Richard B. Kendall, Richard M. Simon for Defendant and Respondent.

_____

In May 2010, defendant, already in default, learned that plaintiff was seeking a default judgment.  Nevertheless, defendant did not move to vacate the default and default judgment until a full year later, in May 2011.  The trial court granted the motion in part, modifying the original default judgment by deleting a monetary award in favor of plaintiff.  We conclude that, because the original default judgment was not void and because defendant did not act with reasonable diligence, the trial court erred by modifying the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, plaintiff and appellant Perkins Coie LLP (Perkins Coie), a law firm, obtained a judgment in the amount of $115,739.42 against the musician Percy Miller, also known as Master P.  Perkins Coie subsequently obtained assignment orders for levy of payments due from third parties to Miller and Miller-owned entities.  On November 2, 2009, Perkins Coie had three assignment orders served on defendant and respondent Viacom Inc. (Viacom).

The instant matter involves a lawsuit that was filed on November 3, 2009.  Perkins Coie filed a complaint for "creditor's suit in aid of enforcement of judgment" against both Miller and Viacom.  The complaint alleged that Miller had a business relationship with Viacom, that Miller had a right to payment of money due or to become due from Viacom, and that Viacom was liable in damages to Perkins Coie for money due or becoming due to Miller.  In pertinent part, the complaint prayed for judgment against Viacom (i) "applying any debt owed by [Viacom] . . . to [Miller], or applying any property [of Miller's] that is in the possession, custody or control of [Viacom] . . . in satisfaction of the Judgment ($115,739.42, together with interest at the rate of $31.70 per day from January 25, 2005, plus costs of enforcement of judgment);" and (ii) for a money judgment against Viacom "pursuant to Code of Civil Procedure §708.280, for the value of [Miller's right to payment from Viacom] or the amount necessary to satisfy the Judgment ($115,739.42, together with interest at the rate of $31.70 per day from January 25, 2005, plus costs of enforcement of judgment), whichever is less."

2

**Default and Default Judgment**

On November 6, 2009, Viacom's registered agent for service of process was personally served with the summons and complaint. Viacom filed no answer or other responsive pleading, and on December 31, 2009, a request for entry of default was mail-served on the agent for service of process. Viacom's default was entered by the court clerk on January 5, 2010.

Viacom still did not take any action in the case. On May 6, 2010, Perkins Coie mail-served a request for entry of default judgment on Viacom's agent for service of process. Several hearings pertaining to the requested default judgment were held and then, on July 26, 2010, default judgment was entered in favor of Perkins Coie and against Viacom pursuant to Code of Civil Procedure section 708.280: (i) applying any debt owed by Viacom to Miller in satisfaction of Perkins Coie's judgment against Miller; (ii) applying any property of Miller's in the possession, custody, or control of Viacom in satisfaction of Perkins Coie's judgment against Miller; and (iii) in the sum of $115,739.42, together with interest of $61,117.60, less credits, for a total judgment, including costs of suit, of $148,885.66.

**Motion to Set Aside Default and Default Judgment**

Finally, on May 13, 2011, after Perkins Coie tried to levy on the judgment against Viacom, Viacom filed a motion to set aside the default and the default judgment. In its motion, Viacom contended that the default judgment exceeded the relief demanded in the complaint and was thus void; that Viacom did not have actual notice of the summons and complaint and was unaware of the default judgment; that counsel for Perkins Coie misrepresented to Viacom the nature of the action and induced it not to seek relief; that Viacom was not guilty of inexcusable neglect; and that Viacom had meritorious defenses to the action.

Along with its motion, Viacom submitted the declaration of Amy Dow, senior vice president for MTV Networks (a division of Viacom International Inc., which is a subsidiary of Viacom) and an in-house attorney. Dow's declaration stated that after Viacom received assignment orders in November, the internal legal affairs staff

investigated and determined that Viacom did not owe money to Miller or his enterprises. Dow admitted that Viacom was served with the summons and complaint on November 6, 2009. She stated, however, that her department, the department responsible for responding to matters of the sort, did not receive a copy of the summons and complaint, "apparently due to a routing error."

Dow's declaration further stated that Viacom was served with the request for entry of default in January 2010, and when she received a copy she called Timothy Aires, counsel for Perkins Coie. According to Dow, Aires told her that he had been trying for years to recover a judgment from Miller, and that he thought Viacom might be making payments to Miller in connection with a television pilot. Aires said that he had filed the lawsuit against Viacom for the purposes of prompting a phone call from Viacom regarding the pilot. Dow stated that she told Aires she had not seen the complaint against Viacom and that Viacom did not owe any money to Miller. Dow's declaration read: "Mr. Aires then told me that he was not interested in litigating against Viacom but instead in finding out who was paying Master P and trying to learn Master P's business aliases. Aires cut the call short to attend to his dog, promising to call the next day to follow up on what information Viacom could offer. I sent him my contact information shortly after our phone call ended, but he never called. When Aires did not call back, I thought he had probably moved on to other collection efforts once he had learned that Viacom did not have anything owing to Master P to assign to his client."

Additionally, attached to Dow's declaration was a May 2010 e-mail exchange between her and Aires. On May 6, 2010, Aires had sent Dow an e-mail informing her that there was a hearing scheduled for the next day regarding the requested default judgment. Aires's e-mail stated: "If you have any opposition to entry of a default judgment being entered against Viacom Inc. for $115,739.42, together with prejudgment interest . . . plus costs of suit, I suggest you be in Court tomorrow to explain to Judge Dunn why you never sought relief from default and filed an answer to the complaint." Dow responded that she had not received notice of the hearing and had last heard from Aires in January, and thus assumed that Aires had decided not to pursue the matter. She

4

told him she would not be able to attend the hearing.  Aires responded the next day:  "I am simply not responsible for your failure to follow up on an entered default. . . .  Your client is not even entitled to notice once it's [*sic*] default was entered. . . .  I contacted you as a courtesy."

The trial court considered Viacom's motion to set aside the default and default judgment on June 20 and July 7, 2011.  The court declined to vacate the default, but it did modify the default judgment by deleting the monetary award in favor of Perkins Coie.

Perkins Coie timely appealed.

## **DISCUSSION**

Generally, there are several methods available to vacate a default judgment.  Code of Civil Procedure section 473, subdivision (b),[1] allows a trial court to relieve a defendant from an adverse judgment obtained because of the defendant's mistake, inadvertence, surprise, or excusable neglect.  Such a motion, however, must be brought within six months of entry of judgment.  (*Ibid.*)  In some circumstances, a defendant may also attack a default judgment by filing a motion for new trial.  (See §§ 657, 659; *Misic v. Segars* (1995) 37 Cal.App.4th 1149.)  The motion is likewise time-limited, though, and in no case may be brought later than 180 days after entry of judgment.  (§ 659, subd. (a)(2).)  Alternatively, a defendant may appeal from a default judgment (*Uva v. Evans* (1978) 83 Cal.App.3d 356, 360), but, again, the appeal must be timely filed, and in no event later than 180 days after entry of judgment (Cal. Rules of Court, rule 8.104).

Because Viacom's motion for relief was filed more than nine months after the default judgment was entered, Viacom could not seek relief by any of the above procedures.  Viacom instead sought to have the judgment vacated on three alternative grounds:  (i) section 473, subdivision (d), which allows the court to set aside a void judgment, including for excessive damages; (ii) section 473.5, which applies when service of a summons has not resulted in "actual notice" to a defendant; and (iii) the

---

[1]     Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

court's inherent equitable authority, which may be exercised in cases involving extrinsic fraud or extrinsic mistake. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982; *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290-291.)

All three of these latter grounds were discussed by the parties in their papers and at the trial court hearings, and the hearing transcripts show that the trial court considered all three grounds. The actual basis for the court's decision to vacate the default judgment and issue an amended judgment is not made clear by either the transcripts or any relevant order—although, by modifying the judgment, it appears that the court effectively acted pursuant to section 473, subdivision (d). (See *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1743 ["Ordinarily, when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint."].) In any event, we review each of these three grounds to determine whether the trial court's decision to modify the judgment was proper.

## I. Section 473, Subdivision (d)

Section 473, subdivision (d), allows the court, either upon its own motion or the motion of a party, to "set aside any void judgment or order." Viacom contends that the trial court properly set aside the original default judgment because the judgment awarded greater monetary damages than were sought in Perkins Coie's complaint.

Section 580 provides that the relief granted to the plaintiff by default judgment "cannot exceed that demanded in the complaint." The purpose of this provision is to ensure that a defendant has adequate notice of the terms of a default judgment that may be taken against it. (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493.) "The logic underlying this principle is simple: a defendant who has been served with a lawsuit has the right, in view of the relief which the complainant is seeking from him, to decide not to appear and defend." (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166.) A default judgment that exceeds the relief demanded in the complaint is void and may be set aside pursuant to section 473, subdivision (d). (See *Stein v. York* (2010) 181 Cal.App.4th 320, 326; *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493,

6

503.) We review a trial court's finding that a default judgment is void de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 (*Cruz*).)

In arguing that damages awarded in the original default judgment exceeded those demanded in the complaint, Viacom focuses on the complaint's prayer, which specifically sought a money judgment against Viacom "pursuant to Code of Civil Procedure §708.280, for the value of [Miller's right to payment from Viacom] *or* the amount necessary to satisfy the Judgment ($115,739.42, together with interest at the rate of $31.70 per day from January 25, 2005, plus costs of enforcement of judgment), *whichever is less.*"[2] (Italics added.) In contrast, the original judgment awarded Perkins Coie "the sum of $115,739.42, together with interest of $61,117.60 . . . less credits . . . plus costs of suit . . . for a total judgment of $148,885.66." Viacom contends that, by omitting the conditional phrase "whichever is less," and by awarding Perkins Coie the full amount of the underlying judgment (plus interest and costs), the original default judgment awarded damages greater than those sought in the complaint. According to Viacom, it owed Miller absolutely nothing, and so the complaint's demand of "whichever is less" could not result in a monetary judgment.

We find that the complaint was adequate to apprise Viacom of the liability it faced. As a general rule, a default judgment is limited to the amount of damages of which a defendant has notice. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433.) "[T]he demand sets a ceiling on recovery." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 824.) A complaint must provide adequate notice of a defendant's potential maximum liability (*id.* at p. 826), either through the prayer or by allegations in the body

---

[2]     The language demanding the lesser of Miller's right to payment or the amount necessary to satisfy Perkins Coie's judgment tracks the language of section 708.280, which provides that, in a creditor's suit, if the requisite elements are proven, the court shall award "the lesser" of (1) the value of a judgment debtor's interest in property or amount of debt, or (2) the amount of the judgment creditor's judgment that remains unsatisfied.

of the complaint (*Hearn v. Howard* (2009) 177 Cal.App.4th 1993, 1208-1209; *People ex rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659, 667).

Perkins Coie's complaint was not vague. It specifically set out the maximum damages award sought—the amount of the underlying judgment ($115,739.42), plus interest ($31.70 per day), plus costs of suit. The complaint certainly gave "fair warning" to Viacom that, if it chose not to participate in the action, it could a face default judgment for the maximum amount sought in the complaint. (See *People ex rel. Lockyer v. Brar*, *supra,* 134 Cal.App.4th 659, 668 ["The body of the complaint had given fair warning of at least that exposure"].)

Viacom's contention that it owed Miller nothing, and could therefore assume that an award of "whatever is less" would not result in a monetary judgment, may have been a viable argument if it was made earlier in the action. But it ignores the procedural limitations imposed on a defendant who does not seek to vacate the default judgment until six months after its entry.

As a defaulted defendant, Viacom could not participate in the default prove-up hearings. (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385.) The questions of whether Viacom owed Miller any money and how much was owed were to be resolved by evidence presented at the prove-up hearing, but whether the questions were resolved correctly is not a subject of this appeal. A defendant in Viacom's position, seeking to vacate a default judgment as void, has no standing to complain about the evidence introduced at the prove-up hearing. (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303 (*Sporn*).)

Viacom could have raised an insufficiency of the evidence argument by either a motion for new trial or an appeal from the default judgment (*Ostling v. Loring*, *supra*, 27 Cal.App.4th 1731, 1749), but by waiting too long to respond to the default judgment, it missed the opportunity to do so. When a defendant is forced by the passage of time to seek to vacate a default judgment pursuant to section 473, subdivision (d), instead of by motion for new trial or appeal from the default judgment, we must assume that the evidence presented at the prove-up hearing was sufficient to support the judgment.

8

Viacom also makes a related argument that the complaint insufficiently stated a cause of action under section 708.280, subdivision (d), because Perkins Coie did not allege that Viacom transferred property contrary to court order. This argument likewise fails. When dealing with a motion to vacate brought pursuant to section 473, subdivision (d), the issue is whether the complaint was sufficient to apprise the defendant of the plaintiff's demand, not whether it properly alleged all elements of a cause of action. (*Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1156-1157; *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 539; *Christerson v. French* (1919) 180 Cal. 523, 525 ["a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand"].)

The complaint here sufficiently apprised Viacom of Perkins Coie's demand. Viacom was notified by the complaint that Perkins Coie had obtained a judgment against Miller that remained unsatisfied, and was apprised of Perkins Coie's claims that Miller had a business relationship with Viacom, that Miller had a right to payment of money due or to become due from Viacom, that Viacom was liable in damages to Perkins Coie for money due or becoming due to Miller, and that Perkins Coie sought to satisfy the underlying judgment by this lawsuit. These allegations were more than sufficient to put Viacom on notice of the potential liability it faced by not responding.

We therefore find that the trial court erred by vacating and modifying the original default judgment. Since relief was not warranted pursuant to section 473, subdivision (d), the default judgment should have stood as originally entered.

## II. Section 473.5

"When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action." (§ 473.5, subd. (a).) "This section is designed to provide relief where there has been *proper* service of summons (e.g., by substitute service or by publication) but defendant nevertheless did not find out about the

9

action in time to defend.  Typically, these are cases in which *service was made by publication.*"  (Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2012) ¶ 5:420, p. 5-104.3.)

In moving to set aside the default and default judgment pursuant to section 473.5, Viacom relied on the declaration of Dow as evidence that Viacom did not have "actual notice" of the action.  Dow's declaration acknowledged that the summons and complaint were served on Viacom, but asserted that because of an apparent "routing error," Dow's department, which responds to "matters of this sort," did not receive a copy of the summons and complaint, and that Viacom was "unaware of the summons and complaint."

"Actual notice" has been held to mean "genuine knowledge of the party litigant." (*Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 895 (*Rosenthal*).)  In *Rosenthal,* the Court of Appeal determined that the defendant, who had been served by publication, did not obtain actual knowledge of the litigation simply because his attorney (who did not communicate with his client) was aware of the lawsuit.  (*Id.* at p. 895.)  The court held that section 437.5's reference to "actual notice" "does not contemplate notice imputed to a principal from an attorney's actual notice."  (*Ibid.*)  In another case where lack of actual notice was found, *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 891-892 (*Goya*), the court determined that even though the defendants received copies of the summons and complaint, their inability to understand English, and their lack of understanding of the nature of the legal documents, amounted to a lack of actual notice.

These cases are distinguishable from the factual situation presented here.  Unlike in *Rosenthal*, Viacom was personally served.  (See § 416.10, subd. (a); *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1435.)  Furthermore, there is no reason to view Viacom similarly to the defendants in *Goya*; it can safely be presumed that Viacom is sophisticated and knowledgeable in business and legal-related matters.

Viacom acknowledges that it was personally served with the summons and complaint on November 6, 2009, but contends that because Dow's department never received a copy of the summons and complaint, Viacom did not have actual knowledge

10

of the lawsuit. This theory is not supported by relevant case law. In *Sporn*, the court found that the defendant Home Depot had actual notice of summons "*both* by service on its designated agent *and* by receipt of the documents by its in-house department . . . ." (126 Cal.App.4th 1294, 1300, italics added.) The trial court here expressed skepticism of Viacom's theory in oral argument, although it did not explicitly rule whether Viacom had actual notice. For our part, we are not inclined to find that a summons must go to a specific department within a corporation before the defendant can be considered to obtain actual notice of the lawsuit. (See *Cruz*, *supra*, 146 Cal.App.4th 488, 504 [lack of sufficient internal procedures to ensure that mail received at company offices is routed to intended recipients is not adequate to show lack of actual notice of lawsuit].)

In any event, even if we were to give Viacom the benefit of the doubt and find a lack of actual notice from the November 2009 service, we still would find relief unwarranted under section 473.5. A defendant must act with reasonable diligence in seeking to set aside a default or default judgment. (*Goya*, *supra*, 87 Cal.App.3d 886, 891; § 473.5, subd. (a) [notice of motion to set aside the default or default judgment "shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered"].) That was not done here.

Viacom learned of the request for entry of default in January 2010, shortly after it was served. Dow herself received a copy, and she spoke to Aires (counsel for Perkins Coie) about it. Then, in May 2010, Viacom was served with a request for entry of default judgment. Aires and Dow engaged in an e-mail exchange on May 6 and 7, 2010, in which Aires warned Dow that he would seek a default judgment for the full amount of the underlying judgment, and suggested to Dow that she explain to the trial court "why you never sought relief from default and filed an answer to the complaint."

Thus, by January 2010, Viacom's legal department was aware of the litigation, and by May 2010, it had learned of the entered default and the request for default judgment. But Viacom did not seek to even participate in the action until a full year

later—May 2011—when it finally filed its motion to set aside the default and the default judgment. We can hardly conceive of any factual scenario in which a year-long delay to respond to a default and requested default judgment, by a defendant who is legally sophisticated and well apprised of the default judgment it faces, could possibly be considered reasonably diligent. The record here reveals no basis on which to find that Viacom acted in a reasonably diligent matter. Relief, therefore, was not warranted under section 473.5.

## III. <u>Equitable Authority</u>

Even when relief is not available on statutory grounds, a defendant may still seek to vacate a default judgment on equitable grounds. (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th 975, 981.) A trial court's equitable decision on a motion to vacate is reviewed for an abuse of discretion. (*Ibid.*) This standard, however, is tempered by considerations that a court's equitable power is generally narrower than its power under section 473 (see *Jackson v. Bank of America* (1986) 188 Cal.App.3d 375, 386), and that when a default judgment (as opposed to merely a default) has been obtained, "equitable relief may be given only in exceptional circumstances" (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981-982).

Equitable relief is available only in cases of extrinsic fraud or extrinsic mistake, though both of these terms are given broad meaning. (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342.) Relief is appropriate when the party in default establishes that extrinsic factors prevented it from presenting its case. (*Ibid.*) "'To set aside a *judgment* based upon extrinsic mistake one must satisfy three elements. First, the defaulted party must demonstrate that it has a meritorious case. Second[], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Last[], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 982.)

The debate in this case does not center around whether Viacom would have a meritorious defense. Viacom presented evidence in its papers that it did not owe Miller

money at the time this lawsuit was filed or thereafter, evidence that makes it likely Viacom could present a viable defense. The questions, instead, are whether Viacom presented a satisfactory excuse for failing to defend against the action and whether it acted diligently in moving to set aside the default. We find Viacom's answers to both of these questions lacking.

Inexcusable neglect in failing to appear and present a defense precludes equitable relief. (*In re Marriage of Park*, *supra*, 27 Cal.3d 337, 345; *Jackson v. Bank of America*, *supra*, 188 Cal.App.3d 375, 386.) Furthermore, "[r]elief on the ground of extrinsic fraud or mistake is not available to a party if that party has been given notice of an action yet fails to appear, without having been prevented from participating in the action." (*Cruz*, *supra*, 146 Cal.App.4th 488, 503.) Perhaps in recognition of this authority, Viacom attempts to lay the blame for its failure to act entirely at the feet of Perkins Coie's counsel, Aires. Viacom claims that Aires "engaged in a series of deceptions and omissions in order to prosecute the default judgment . . . while at the same time lulling Viacom into inaction . . . ." Viacom blames Aires for: mail-serving requests for entry of default on the eve of a postal holiday; failing to serve notice of a case management conference; not serving notice of entry of default; telling Dow that he was not interested in litigating against Viacom; failing to serve notices of default judgment proceedings and entry of the default judgment; and waiting nine months after entry of the default judgment to take action to execute on it.

Viacom's position is reminiscent of the defendant's in *Sporn*. As the court wrote in that case: "[D]efendant seeks to escape the results of its own carelessness by an offensive characterization of plaintiff's conduct." (*Sporn*, *supra*, 126 Cal.App.4th 1294, 1300.) As in *Sporn*, the plaintiff here did nothing to prevent the defendant from having its day in court. Perkins Coie properly served Viacom with the summons and complaint and all other required documents, and none of its asserted failures to provide notice was improper. After default is entered, the defendant is no longer an active party and is not

13

entitled to receive further notices.[3] (*Id.* at p. 1301; § 1010.) Viacom was given every notice it was entitled to receive. In fact, Aires went beyond what was required: he spoke to Dow in January 2010 about the case, and he warned her by e-mail in May 2010 that Perkins Coie was seeking a default judgment. Moreover, Viacom was served with the request for entry of default judgment in May 2010—a fact Viacom conspicuously omits from its papers. As such, the entry of default judgment in July 2010 should have been no surprise. And, Perkins Coie was under no obligation to try to enforce the judgment immediately after its entry.

Viacom's insinuations that Aires duped Dow into failing to respond to the action by telling her that he was not interested in litigating against Viacom similarly lack substance. Relying on such a vague statement as a reason to refrain from defending a lawsuit, particularly after notice of request for default has been received, is simply not reasonable. (See *Jackson v. Bank of America*, *supra*, 188 Cal.App.3d 375, 386; *Cruz*, *supra*, 146 Cal.App.4th 488, 507 ["Reliance on a third party constitutes a satisfactory excuse only if it is reasonable"]; *Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58 [defendant's "neglect" in failing to file an answer because it assumed the case was moot "was not of the excusable variety"].)

Moreover, as previously explained, Viacom did not diligently seek to set aside the default and default judgment. Viacom learned of the default and the requested default judgment no later than May 2010, but took no action in the case until May 2011. This delayed response cannot be considered diligent. (See *Cruz*, *supra*, 146 Cal.App.4th 488, 508 [finding lack of diligence when defendant sought to set aside default nine months

---

**3** Perkins Coie was under no obligation to serve notice of the case management conference, even though notice was mailed by the court prior to entry of default. Notice of a case management conference must be given 45 days prior to the conference. (Cal. Rules of Court, rule 3.722(b); *Sporn*, *supra*, 126 Cal.App.4th at pp. 1301-1302.) Notice would not have been required prior to February 1, 2010, well after default was entered on January 5, 2010.

14

after learning plaintiff was seeking default].)[4]  As such, there was no basis to vacate the default judgment on equitable grounds.

## DISPOSITION

The order granting in part Viacom's motion for relief from default and default judgment is reversed, and the modified and amended judgment entered nunc pro tunc is vacated.  The trial court is directed to enter judgment consistent with the original default judgment entered on July 26, 2010.  Perkins Coie shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

---

[4]      The lack of diligence is even more apparent when one considers that Perkins Coie had already obtained a default judgment.  "The questions of defendant's diligence and plaintiff's prejudice are 'inextricably intertwined.'  [Citation.]  The greater the prejudice to the plaintiff from vacating the default the greater the burden on the defendant of proving diligence and vice versa.  [Citation.]  As a general rule once a default has resulted in a judgment there is a high degree of prejudice to the plaintiff in vacating the default because it entails setting aside the judgment and disturbing the plaintiff's justifiable reliance on the award.  [Citation.]  Every case, however, must be judged on its peculiar circumstances."  (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 833-834.)

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15