Filed 7/17/13  Conservatorship of Liebscher CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person and Estate of MARGARET McGEE LIEBSCHER. <br><br> HERB THOMAS et al., as Coconservators, etc., <br><br>     Petitioners and Respondents, <br><br> v. <br><br> GILBERT E. ATENCIO, <br><br>     Objector and Appellant. | A128239 <br><br> (Contra Costa County <br> Super. Ct. No. PO7-00197) |

Appellant Gilbert E. Atencio, appearing in pro per, appeals a ruling by the superior court, entered in a minute order dated January 19, 2010, denying his motion to set aside default judgment.  The default judgment was filed in June 2009 and awarded damages against appellant in the total amount of $463,651.29 on a complaint for elder physical and financial abuse, filed by Margaret McGee Liebscher through her court-appointed attorney, Robert S. Kosloff, in the matter of the Conservatorship of the Person and Estate of Margaret McGee Liebscher.  We shall affirm.

**BACKGROUND**

In January 2007, Herb Thomas, a private professional fiduciary, filed a petition for temporary conservatorship of Margaret McGee Liebscher.  Charles Liebscher, Margaret's husband, and several of her children and grandchildren filed declarations in support of the petition, stating that immediate appointment of a temporary conservatorship was necessary and appropriate.  Appellant, one of Margaret's sons, was the sole dissenter,

1

asserting he presently held "Power of Attorney, conservatorship, etc., for the Margaret McGee living trust." The court appointed Herb Thomas temporary conservator of the estate of Margaret McGee Liebscher, and Thomas filed letters of temporary conservatorship on February 7, 2007.

The same day, Thomas also filed a petition for appointment of probate conservator of the person and estate of Margaret McGee Liebscher. In the petition, Thomas states the "subject conservatorship petition stems from a San Francisco APS [Adult Protective Services] investigation and referral regarding Mrs. Liebscher. Several cross-allegations of financial mismanagement, abuse, and/or undue influence have been made by Mrs. Liebscher's children. There appears to be [a] consensus among the family that a neutral conservator is necessary and beneficial. The estate issues stem from allegations of undue influence and/or improper use of fiduciary authority under various estate planning documents."

Robert Kosloff was appointed counsel for conservatee by order of the superior court filed on March 15, 2007. Soon thereafter, Kosloff filed a petition for Charles Liebscher to be appointed as temporary conservator of the person of his spouse Margaret Liebscher. In support of the petition, Kosloff stated that at the time Thomas petitioned for appointment of a conservator, appellant "physically absconded with my client . . . and hid her from her other family members. My client was ultimately discovered, with her son Gilbert Atencio, at a motel in San Bruno. Charles Liebscher, my client's husband, ultimately retrieved my client, who was found to be in a state of terrible confusion, and suffering from various medical issues. . . . At the time of the filing of this Petition, my client is safely residing with her husband . . . . [¶] [B]ased on my conversations with the parties, I have reason to believe that [my client] remains in serious danger of being wrongfully taken and hidden by her son, Gilbert Atencio . . . . [I]t has come to my attention that over the past three weeks or so, monies belonging to my client in the approximate amount of $32,000, have been misappropriated by Gilbert Atencio before the monies could be transferred into the temporary conservatorship estate. I believe that my client is in danger of fraud, undue influence and financial abuse at the behest of her

2

son if she is not protected through both a temporary conservatorship of the person and estate." The court granted the petition to appoint Charles Liebscher temporary conservator of the person of Margaret McGee Liebscher and letters of temporary conservatorship were filed on April 10, 2007.

On July 23, 2008, Kosloff filed a complaint for elder physical and financial abuse on behalf of his client, alleging appellant Gilbert Atencio took physical control of Margaret Liebscher, concealed her whereabouts from other family members in various motels, failed to provide her with necessary medications during that time, and escorted her to Bank of America where "he instructed her to improperly withdraw all funds from both her checking account and a separate joint account." Proof of service of the summons on the complaint was filed on September 12, 2008, showing that Alfred Cauthen personally served Gilbert Atencio with a summons and complaint at 8:55 a.m. on September 10, 2008, at 400 McAllister Street, San Francisco.[1]

Subsequently, appellant filed a Judicial Council Notice of Change of Address form, entries were written by hand, signed by him and dated October 20, 2008, listing a new address as "homeless in USA" and specifying the mailing address, P.O. Box 70222, Sunnyvale, CA 94086. After appellant failed to answer the complaint, Kosloff filed a Request for Entry of Default on October 22, 2008, and default was entered as requested on that date. The "Declaration of Mailing" section of the Request for Entry of Default states a copy was mailed to Gilbert E. Atencio at the P.O. Box address in Sunnyvale.

In November 2008, Kosloff filed a motion for an extension of time to obtain a default judgment in order to gather supporting evidence in the form of bank records and other financial documentation. The court granted an extension of time to obtain a default

---

[1] A declaration of process server Alfred Cauthen, filed as Exhibit B to a subsequent motion for an extension of time to obtain a default judgment, states that after Cauthen confirmed the identity of appellant, he attempted to hand the summons and complaint to appellant. Appellant said, "I don't know what that is and I don't want it." Cauthen responded, "It's a Summons and Complaint." Appellant refused to take it, saying, "I don't have to take it." Cauthen responded, "This is valid service," and after appellant again refused to take the documents, placed the documents at appellant's feet.

3

judgment until March 9, 2009.  On December 29, 2008, appellant filed a declaration

stating he was returning to Costa Rica for medical attention; also, he requested all future

correspondence to be sent to his attorney Roy Harold Elizondo Duran at a street address

in San Jose, Costa Rico.

On January 27, 2009, Kosloff filed a Statement of Damages (SOD), requesting

damages and attorney fees, including punitive and exemplary damages, be assessed

against appellant in the total amount of $463,651.29.  The SOD was served on appellant

by mail at his Costa Rica address.  At a hearing held on June 16, 2009, the court entered

default judgment as prayed.[2]  On June 19, 2009, the court entered "Order Approving

Complaint For Elder Physical And Financial Abuse" assessing $463,651.29 in damages

against appellant.

On October 29, 2009, appellant filed a "Motion To Vacate Judgment" on which he

listed a post office box address in Davis, California.[3]  In his motion, appellant argued the

judgment should be vacated because he did not receive notice of the hearing held on

---

[2] In this context, "the word 'default' refers to a defendant's failure to answer a complaint" and entry of default by the court clerk is the procedure that establishes defendant's default.  (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 143 (*English*); Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2013) ¶¶ 5:2 to 5:4, pp. 5-1 to 5-2.)  "A 'default judgment' . . . is a judgment entered after the defendant has failed to answer the complaint and the defendant's default has been entered.  [Citations.]" (*English, supra,* at p. 143; see Weil & Brown, *supra,* ¶ 5:10, p. 5-4 ["After defendant's default has been entered, plaintiff may apply for a judgment based on such default."].)

[3] In his motion, under the heading "Jurisdiction," appellant stated the matter "is brought before this Court pursuant to California Code of Civil Procedure, Sections 473, 657(1), (3), 662, 663 and 663a."  Code of Civil Procedure section 473, subdivision (b), provides that the court may relieve a party from a judgment "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted."  Appellant did not include a copy of his proposed answer to the complaint.  Code of Civil Procedure sections 657, subdivision (1), 662, 663 and 663a pertain to a motion for a new trial, and provide a mechanism to seek relief from default judgment based on judicial error in rendering a default judgment, such as excessive damages or because the decision is contrary to law. (See Weil & Brown, *supra,* ¶ 5:476, p. 5-112.)

4

June 16, 2009.  At a hearing held on January 19, 2010, at which appellant appeared in pro per, the court found appellant "has been served properly," and denied his motion to set aside the judgment.  Appellant filed his notice of appeal on April 15, 2010, within 180 days of entry of the postjudgment order denying his motion to vacate the default judgment.[4]

## DISCUSSION

The sole cognizable issue on appeal is the validity of the trial court's denial of appellant's motion to set aside the default judgment entered against him.[5]  The party seeking relief from default "bears the burden of proof in establishing a right to relief.  [Citation.]  The burden is a ' " ' "double" ' " ' one:  the moving party ' " ' "must show a satisfactory excuse for his default, and he must show diligence in making the motion after discovery of the default. " ' " '  [Citation.]  Whether the moving party has successfully carried this burden is a question entrusted in the first instance to the discretion of the trial court; its ruling will not be disturbed in the absence of a demonstrated abuse of that discretion.  [Citations.]"  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)

Appellant contends he is entitled to relief from default on the grounds he was denied due process of law, as attorney Kosloff failed to execute proper service and

---

[4] Margaret McGee Liebscher passed away on January 27, 2010.

[5] Appellant also claims:  (1) the trial court erred by not affording the conservatee an opportunity to be heard to determine her capacity; (2) the notice and manner of service of the conservatorship petition on the conservatee was inadequate; (3) the court violated the conservatee's right to counsel; (4) the prehearing investigations regarding the conservatorship petitions were inadequate; (5) the court violated the conservatee's right to be present and be heard in the underlying conservatorship proceedings; (6) the conservatee had a right to a jury trial in the underlying conservatorship proceedings; (7) the court erred by not reviewing the trusts when it was brought to the court's attention that the trust the siblings and attorney Kosloff relied upon for the conservatorship proceeding had been revoked by the conservatee. These claims are not cognizable on appeal as they do not arise from the superior court's minute order of January 19, 2010, and are thus not encompassed within the Notice of Appeal filed herein.  Accordingly, the foregoing claims are hereby dismissed.

provide adequate notice of the hearing held on June 16, 2009, at which the court entered judgment of default. Specifically, appellant asserts he was in Costa Rica by medical necessity when the hearing was set; Kosloff had his e-mail address and could have sent him notice and documents by e-mail. Instead, Kosloff mailed the documents to appellant's son in Nevada, and appellant did not receive the documents until after he returned to the U.S. on August 15, 2009, whereupon appellant moved to vacate entry of judgment.

Preliminarily, as correctly noted by respondent, there is no dispute appellant was properly served with the underlying complaint for elder abuse. Nor does appellant point to any procedural defect or deficiency in the entry of default taken against him on October 22, 2008. His sole contention is that attorney Kosloff failed to provide a notice of hearing at which the judgment of default was entered on June 16, 2009. However, appellant's contention is not supported by the record. Rather, the record shows Kosloff mailed the SOD to appellant at his Costa Rica address and the SOD noticed a hearing on February 24, 2009. The minutes show appellant failed to appear at the hearing held on February 24 and that the matter was continued to April 28; the minute order for April 28 hearing shows appellant again failed to appear and the matter was continued to June 16, when the court entered default judgment as prayed.

In any case, appellant is not entitled to relief from default for any lack of notice of a hearing held subsequent to entry of default because "entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered" (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385), and once default is entered defendant is no longer an active party in the litigation and is not entitled to notice of court hearings or proceedings. (See Code of Civ. Proc., § 1010; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1302 ["Defendant was in default and no longer entitled to notice" of scheduled status conference.].)

**DISPOSITION**

The judgment is affirmed.  The parties are to share costs on appeal.


_____
Sepulveda, J.*


We concur:


_____
Dondero, Acting P.J.


_____
Banke, J.


* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.