Filed 3/22/16  Sevier v. Ghannoum CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JULIA K. SEVIER,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MOHAMMED GHANNOUM, et al.,<br><br>    Defendants and Appellants. | B259542<br><br>(Los Angeles County<br>Super. Ct. No. GC050668) |

 

        APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

        Law Offices of Zulu Ali, Zulu Ali and Mohammed Iranmanesh for Defendants and Appellants.

        Anthony A. Sears for Plaintiff and Respondent.

**INTRODUCTION**

This appeal arises from the third in a series of lawsuits between landlords Mohammed and Samir Ghannoum (jointly, the Ghannoums) and their tenant, Julia Sevier. In the instant action, plaintiff Sevier sued the Ghannoums, alleging various causes of action based upon their repeated entry into the common areas of her rental apartment without proper notice. The court entered judgment for Sevier following a court trial and subsequently granted her request for attorney's fees as the prevailing party. The Ghannoums contend the court erred in the entry of judgment and the award of attorney's fees. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A.      *The Lease*

On March 9, 2012, the parties entered into a residential lease for one bedroom of a three-bedroom house owned by the Ghannoums in Pasadena, California. The written lease agreement provided for an initial three-month term, expiring June 30, 2012, and a month-to-month tenancy thereafter.

Paragraph 18 of the lease agreement governed entry by the landlords: "Entry. [¶] A. Tenant shall make Premises available to Landlord or Landlord's representatives…to make necessary or agreed repairs, . . . improvements, or to supply necessary or agreed services, or to show Premises. . . . [¶] B. Landlord and tenant agree that 24-hour written notice shall be reasonable and sufficient notice," with the exception of certain circumstances not relevant here requiring longer periods of notice. In addition, no notice was required in the event of an emergency or "if the Tenant is present and consents at the time of entry."

Paragraph 37 of the lease contained a mediation provision, under which the parties agreed to "mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. . . . If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees." Subject to the

2

requirements of paragraph 37, the lease agreement provided that the prevailing party in any action "shall be entitled to reasonable attorney fees and costs."

When she moved in, Sevier was pregnant and due to give birth in September 2012. During the time she lived in the home, one or both of the other bedrooms were occupied by roommates. It is undisputed that the Ghannoums did not live in the home during Sevier's tenancy.

B. *Harassment and Unlawful Detainer Actions*

On July 27, 2012,[1] Sevier filed requests for civil harassment restraining orders against the Ghannoums in Los Angeles Superior Court. She alleged that the Ghannoums "continually enter[] my house unannounced" causing her to fear that they "will either verbally or physically assault me." The trial court granted the temporary restraining orders and then held a hearing on Sevier's request for permanent restraining orders on October 24, 25, and 21, 2012.

Sevier and the Ghannoums testified at the hearing on the restraining orders. The Ghannoums both admitted that they entered the common areas of the residence without 24-hour written notice approximately 20 to 25 times between March 2012, when Sevier's tenancy began, and July 27, 2012, when they received the temporary restraining orders. They claimed that on some occasions they entered with the permission of Sevier or one of the other tenants in order to make a repair or to collect rent. However, they admitted that they entered the premises without notice to Sevier multiple times each month between March and July of 2012. The Ghannoums claimed they did not need to give Sevier notice to enter the common areas (which they described as everywhere other than the tenants' bedrooms) because they had a "verbal agreement" with Sevier to maintain some of their personal belongings in the residence, first in the unrented bedroom, and then, when that was rented, in what was alternately called the "den" or the "breezeway." They also claimed they gave Sevier notice either orally or by text message. For example,

---

[1] Sevier's tenancy had continued past its original expiration date; as of July 26, 2012, she was seeking to extend it through September 2012 so that she could remain in the residence until after her child was born.

3

Samir[2] testified that she only gave formal written notice to Sevier three times during that five-month period, the rest of the time it was "either exchanging text messages or verbal notice." When asked why she did not give written notice, Samir testified "[b]ecause our relationship was great and there is no need for written notice. [¶] . . . I mean, I can't give written notice every time I walk in and out to the common area."

At the conclusion of the hearing, the trial court found the Ghannoums "appear to be rather sincere in their feelings" that they retained an interest in the common areas of the house which allowed them to enter those areas without notice. However, there was no mention of such an interest in the lease agreement, and the terms of the agreement led the court to conclude that "the entire premises are for the use by the tenants." The court further found that written notice was required under the agreement and that such notice was not adequately given. Thus, there was evidence that the Ghannoums "were not honoring the rental agreement. They were coming onto the property in an excessive way, and that would cause any person to feel that their privacy is being violated." Therefore, the court granted permanent restraining orders for six months or the duration of Sevier's tenancy.

Around the same time Sevier sought the initial restraining orders in late July 2012, the Ghannoums served her with a 30-day notice to terminate her tenancy. It is unclear from the record whether Sevier was served with the notice before or after she applied for the restraining orders—the parties disputed this fact during the harassment proceedings and each contended that their opponent's action was taken in retaliation. The trial court found that the Ghannoums prepared the notice on July 25 and served it on July 29, 2012. In any event, when Sevier did not vacate the residence, the Ghannoums initiated an unlawful detainer action, in which they ultimately prevailed.

---

[2]Because they share a surname, we refer to the Ghannoums individually by their first names; no disrespect is intended.

C.    *Complaint, Trial, and Statement of Decision*

Sevier filed a verified complaint against the Ghannoums in the instant matter on December 18, 2012.   She alleged causes of action for breach of the covenant of quiet enjoyment, statutory damages under Civil Code section 1940.2,[3] negligence, and trespass, all arising from the Ghannoums' repeated entry into the residence without written notice between March 10 and July 29, 2012.

The court trial proceeded over the course of two days.  The transcript of the trial is not included in the record on appeal.  On August 15, 2014, pursuant to Sevier's request, the court issued an oral statement of decision.  The court noted that the Ghannoums "admit various entrances or visits to the property, but claim a matter of right, invitation, consent, and on some occasions, notice given."  The court also reviewed the facts of the prior harassment proceeding, noting that Sevier "contends the doctrine of issue preclusion applies" based on the findings in the prior proceeding.  The court then examined the notice requirements for entry into the "dwelling unit" pursuant to section 1954.[4]

The court concluded, pursuant to the definition of "dwelling unit" in section 1940,[5] that Sevier's dwelling unit included not just her bedroom, but also the common areas of the house:  the bathrooms, kitchen, laundry room, backyard, garage, and living room.  The court further found that the Ghannoums had not retained any right of occupancy in the residence under the lease agreement.  And while the court found the "den" was not included in the lease agreement, the Ghannoums could only enter that

---

[3] All further statutory references are to the Civil Code unless otherwise indicated.

[4] Section 1954 provides that a "landlord may enter the dwelling unit" only after giving "the tenant reasonable notice in writing of his or her intent to enter and enter only during normal business hours. . . .  The notice may be personally delivered to the tenant, left with someone of a suitable age and discretion at the premises, or, left on, near, or under the usual entry door of the premises in a manner in which a reasonable person would discover the notice.  Twenty-four hours shall be presumed to be reasonable notice in absence of evidence to the contrary."  Exceptions to the notice requirement include emergencies and consent by the tenant at the time of entry.  (§ 1954, subd. (e).)

[5] "'Dwelling unit' means a structure or the part of a structure that is used as a home, residence, or sleeping place by one person who maintains a household or by two or more persons who maintain a common household."  (§ 1940, subd. (c).)

5

space without compliance with section 1954 if they could do so "without traversing any of the prohibited areas." The court also rejected the Ghannoums' argument that notification by text message could constitute "written" notice under the statute.

Accordingly, the court found for Sevier on all four causes of action in her complaint. In calculating damages, the court found that, of the alleged 20 to 30 entries made by the Ghannoums, 15 were made without consent of any tenant. In denying Sevier's request for punitive damages, the court held that Sevier had not demonstrated malicious conduct by the Ghannoums, stating "[t]hese are good people who made a serious mistake about their rights as landlords and failed to take steps to investigate those rights and then to remedy their mistake." In total, the court awarded damages of $21,865 against the Ghannoums, plus costs and attorney fees "by motion per the rental agreement." Judgment was entered on August 19, 2014.

D.      *Attorney's Fees Award*

Sevier filed a motion for attorney's fees on September 10, 2014. She argued as the prevailing party, she was entitled to fees under paragraph 38 of the rental agreement. Further, she contended that she had met the mediation requirement under paragraph 37 of the agreement by making four written demands for mediation to the Ghannoums prior to filing her lawsuit. Sevier requested $69,875 in attorney's fees, supported by billing records from her counsel and his declaration regarding his billing rate of $325 per hour. The Ghannoums opposed the motion, arguing, inter alia, that Sevier had not complied with paragraph 37 of the lease agreement and that the fees requested were unreasonable.

The court granted Sevier's motion, finding that "the record is replete with multiple offers from plaintiff's counsel to mediate; there was no mediation. . . . The court finds that there was a refusal to mediate by defendants or their representatives. Plaintiff did all she could to get the matter into mediation; she did not refuse to mediate and is therefore entitled to attorney fees and costs." In assessing the appropriate amount of fees, the court found the rate charged "is within the range of reasonable fee rates" but excluded $13,000 worth of services it found were unwarranted.

6

The Ghannoums timely appealed the entry of judgment, and separately appealed the award of attorney's fees. We consolidated the appeals for the purposes of briefing, oral argument and decision.

## DISCUSSION

A.     *Purported Application of Collateral Estoppel*

The Ghannoums contend the trial court improperly "applied collateral estoppel and res judicata" by considering the judgment in the prior harassment proceedings in finding in favor of Sevier here. We disagree.

"Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Apart from a general discussion of estoppel principles, the Ghannoums provide no information as to how they claim estoppel was applied in this case, including what issue (or issues) they contend they were barred from relitigating.

Moreover, there is no indication in the record that the court actually applied collateral estoppel. In its statement of decision, the court noted Sevier's argument that collateral estoppel required a finding that the Ghannoums violated the notice requirements of the Civil Code. But the court never made an express finding of estoppel. Rather, the court examined at length the evidence put forth by the parties, as well as the relevant statutory provisions, in reaching its determination that the Ghannoums failed to provide the requisite notice prior to entering Sevier's residence on multiple occasions. As such, we find no error.

Aside from collateral estoppel, the Ghannoums also argue in passing that the trial court's consideration of their prior testimony during the harassment hearing was improper. But they have not articulated any particular challenge to the court's consideration of their prior testimony as evidence during the trial. While they suggest that the trial court "took judicial notice" of the prior testimony, they have failed to provide a transcript of the trial as part of the record on appeal or any other evidence

7

revealing the basis of the court's admission of the prior harassment testimony.[6] Thus, the Ghannoums have not met their burden to demonstrate error in the court's consideration of the testimony, nor can we determine whether the Ghannoums properly preserved this issue for appellate review by raising an objection at trial. (See, e.g., *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [where appellant fails to provide an adequate reporter's transcript, "it is presumed that the unreported trial testimony would demonstrate the absence of error"]; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]."].)

We also note that the trial court relied on other admissions by the Ghannoums that they had entered the residence without written notice to Sevier, separate from their testimony in the harassment hearing. As quoted in the statement of decision, the trial court in the unlawful detainer action admitted as an exhibit a statement prepared by Mohamed "of his reasons for wanting to terminate" Sevier's tenancy. This statement included an admission by Mohamed that Sevier had "repeatedly harassed me and Samir for entering the home without notice; however, no notice is necessary for entering common areas of the home. Notice is only necessary for entering private rooms belonging to each tenant." The Ghannoums have not suggested the trial court's consideration of this evidence in the instant matter was in error. Thus, even without the transcripts from the harassment proceedings, the Ghannoums have not demonstrated that the court lacked substantial evidence to find in favor of Sevier. (See, e.g., *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874 ["When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination."].)

---

[6]In fact, the transcript of the parties' testimony in the prior harassment proceeding was not included in the record on appeal supplied by the Ghannoums, but was provided by Sevier in a lodging of some of the trial exhibits.

B.    *Text Messages As "Written" Notice*

The Ghannoums also contend the trial court erred in concluding that text messaging did not constitute "written notice" under section 1954. In reaching this conclusion, the trial court relied on the definition in section 14 stating that "writing includes printing and typewriting." The court further reasoned that "images on a cell phone are electronic images and do not count, even if timely given." The Ghannoums contend this conclusion was in error because "the [C]ivil [C]ode does not mention that this list is exhaustive, nor that digital mediums are excluded." They provide no further analysis. Contentions on appeal are forfeited "by a party who fails to support them with reasoned argument and citations to authority." (*Sporn v. Home Depot USA, Inc*. (2005) 126 Cal.App.4th 1294, 1303; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) The Ghannoums have therefore forfeited this claim on appeal.

C.    *No Error In Attorney's Fees Award*

Finally, the Ghannoums contend the trial court erred in determining Sevier adequately attempted to mediate her dispute, thereby triggering her right to attorney's fees under the lease agreement. They also claim the amount of fees awarded was unreasonable. We find no abuse of discretion.

"'The standard of review on issues of attorney's fees and costs is abuse of discretion. The trial court's decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice. If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence.' [Citation.]" (*Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512.)

The Ghannoums do not dispute that Sevier served four written demands to mediate between November 20 and December 13, 2012, or that they did not agree to mediation during that period. They point to the response by their counsel, informing Sevier that they were attempting to seek insurance coverage prior to proceeding with mediation. They contend it was unreasonable for Sevier to file her lawsuit on December 18, 2012

9

without waiting for their further response regarding coverage. In particular, they point to a deadline set by Sevier in her fourth demand for mediation on December 13, 2012: "Unless Mr. and Mrs. Ghannoum agree, in writing, to mediation . . . within the next thirty (30) days, by noon December 14, 2012, I will proceed and file the lawsuit." The Ghannoums claim that Sevier, pursuant to this letter, gave them thirty days to agree to mediation, but then filed her lawsuit a mere five days later, in breach of her obligation to attempt to pursue mediation. While the wording of Sevier's letter is somewhat awkward, it is clear from the context (and from the identical 30-day time period specified in the earlier demand letter) that Sevier was demanding that the parties reach an agreement to mediate no later than December 14, 2012, and further that any such mediation would occur within thirty days.

Moreover, regardless of the interpretation of this letter, the Ghannoums do not dispute that they never affirmatively agreed to, or proceeded with, the mediation, even after Sevier made a fifth demand after her lawsuit was filed. On this record, we find it was not an abuse of discretion for the trial court to conclude that Sevier "did all she could to get the matter into mediation" and therefore met her obligation under paragraph 37 of the lease agreement.

We also reject the Ghannoums' contention that the amount of fees awarded was unreasonable. They do not identify any particular item that they contend should have been excluded, nor do they suggest that the hourly rate for Sevier's counsel was unreasonable. Instead, the Ghannoums suggest, without citing supporting authority, that it "would be unreasonable and unfair" to allow an award of fees that was higher than the amount of damages awarded to Sevier. We find this contention meritless. Moreover, the record reveals the trial court thoroughly considered the evidence provided by Sevier's counsel in support of the request for fees and reduced the amount where warranted. As such, no abuse of discretion occurred.

10

## DISPOSITION

Affirmed.  Sevier is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


MANELLA, J.