Filed 11/18/24  Watson v. Arizona Townhomes Assn. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MINA NIMS WATSON, | B328027 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV17972) |
| v. | |
| ARIZONA TOWNHOMES ASSOCIATION, | |
| Defendant and Appellant. | |

APPEALS from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed.

Horvitz & Levy, David M. Axelrad, Mitchell C. Tilner, Gaspard Rappoport; Grimm Vranjes Greer Stephan & Bridgman, Mark Vranjes and Stephen P. Conching for Defendant and Appellant.

Lubin Pham + Caplin, Namson N. Pham and JC Chimoures for Plaintiff and Respondent.

_____

Defendant Arizona Townhomes Association (Arizona Townhomes) appeals from the default judgment entered in favor of plaintiff Mina Nims Watson, which followed the trial court's denial of Arizona Townhomes' motion to set aside the default. Arizona Townhomes argues the default and default judgment were void under Code of Civil Procedure section 473, subdivision (d),[1] because the action is one for personal injury under section 425.10 and Watson failed to file and serve a statement of damages pursuant to section 425.11, subdivision (c). We affirm the judgment. Even if we assume that the action is one for personal injury, and that Watson in fact failed to file and serve the statement of damages required by statute, Arizona Townhomes fails to establish that this statutory violation rendered the default void, rather than voidable. Because the operative complaint, which was formally served, apprised Arizona Townhomes of its potential exposure, we conclude that due process requirements were satisfied and the trial court's entry of default was not void.

**FACTUAL AND PROCEDURAL BACKGROUND**

Watson filed suit against Arizona Townhomes in May 2021. In September 2021, she filed a first amended complaint. Watson alleged she was the owner of real property that was part of a common interest development managed by Arizona Townhomes, a California nonprofit mutual benefit corporation that was, at

_____

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

that time, suspended by the Franchise Tax Board. The complaint alleged Arizona Townhomes failed to repair a common area, despite Watson's multiple requests, resulting in water damage to Watson's property.

The amended complaint asserted causes of action for breach of governing documents obligating Arizona Townhomes to repair and maintain common areas, nuisance, trespass, negligence, and declaratory relief. In connection with the nuisance, trespass, and negligence causes of action, the amended complaint alleged that Watson had suffered damages including "emotional distress" and "mental anguish" or "mental suffering." In her prayer for relief, Watson sought "compensatory economic damages of at least $160,000.00, with the exact amount to be proven at trial" and "compensatory non-economic damages for loss of use and enjoyment of the Property, emotional distress, mental anguish, and annoyance of at least $800,000.00, with the exact amount to be proven at trial."

In October 2021, Watson filed a proof of service, signed under penalty of perjury by a registered California process server, stating the process server had personally served the summons and amended complaint on Arizona Townhomes' authorized agent on October 5, 2021.

A month later, on November 8, 2021, Watson filed a request for entry of default, which was entered that same day, and which was served on Arizona Townhomes' agent for service of process.

In February 2022, Watson filed an application for default judgment against Arizona Townhomes.

In March 2022, counsel for Arizona Townhomes' insurer filed a declaration in opposition to Watson's application for entry

3

of default judgment.  According to the declaration, Arizona Townhomes was suspended by the California Secretary of State and was therefore unable to defend itself in the action.  The declaration indicated Arizona Townhomes was attempting to resolve its status with the California Secretary of State.

The trial court set a hearing for June 3, 2022, regarding the reinstatement of Arizona Townhomes and the status of the default judgment package.  The court instructed Arizona Townhomes to file evidence of its reinstatement and a proposed responsive pleading five court days before the hearing.  Arizona Townhomes did not file anything by the court's deadline.  However, on June 8, Arizona Townhomes filed a notice of reinstatement, which attached a certificate of active status dated June 3.  On June 27, the president of Arizona Townhomes' management company filed a declaration in support of Arizona Townhomes' reinstatement, which included as an exhibit an e-mail stating that Arizona Townhomes was active on the California Secretary of State's website as of May 6.

In July 2022, Arizona Townhomes filed a motion to set aside the default and a proposed answer.  It argued that, due to an oversight, a statement of information designating the corporation's new agent for service of process had not been filed.  As a result, the individual Watson had personally served with the summons and amended complaint was the owner of Arizona Townhomes' former management company, not its current agent for service of process.  Arizona Townhomes moved for relief from default under section 473, subdivision (b), on the grounds of mistake, inadvertence, and excusable neglect.

The trial court denied the motion in August 2022 on the grounds that the six-month deadline in section 473,

4

subdivision (b), is jurisdictional and equitable relief from default was not warranted because Arizona Townhomes failed to present evidence that its suspension was not due to its own negligence.

In September 2022, Arizona Townhomes filed a motion to vacate the default under section 473, subdivision (d), on the ground that Watson had failed to comply with sections 425.11, subdivision (c), and 425.115, subdivision (f).  It contended Watson was required to file a statement of damages under section 425.11, subdivision (c), because the bulk of the damages Watson sought were for personal injury.  It further contended that the notice of damages provided in the complaint was insufficient under the law.  Watson opposed the motion, arguing, among other things, that the action was not one for personal injury because her claim for emotional distress damages was incidental to her causes of action based on property damage.

In its October 2022 ruling, the court found "the [amended complaint] alleges a certain sum in emotional distress damages" and "the causes of action in the [amended complaint] (and more than nominal portions of the prayer for relief) concern property damage."  It therefore concluded that "[Watson's] claims are not an action to recover damages for personal injuries that require the service of a statement of damages before a defendant's default may be entered.  [Fn. omitted.]"  In support of this conclusion, the court cited *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294 (*Sporn*).  The court denied the motion to vacate.

The trial court held a prove-up hearing in December 2022. In February 2023, it entered default judgment against Arizona Townhomes in the total amount of $437,150.34, consisting of economic compensatory damages of $160,000, non-economic compensatory damages of $160,000, attorney fees in the amount

5

of $110,976, and costs in the amount of $6,173.67. The court also ordered Arizona Townhomes to make and complete necessary repairs to the common area to prevent leaks to Watson's property.

On April 3, 2023, Arizona Townhomes filed a notice of appeal of the default judgment.

On September 5, 2023, Watson filed a memorandum of costs incurred after judgment and declaration of accrued interest. Under section 685.070, subdivisions (c) and (d), costs claimed in a memorandum of costs are allowed if the judgment debtor does not file a motion to tax costs within 10 days. On September 18, 2023, Arizona Townhomes filed a second notice of appeal and identified the relevant order as "costs and attorney fees as set forth in the memorandum of costs filed September 5, 2023 and presumably allowed on September 15, 2023 under Code Civ. Proc., § 685.070(d)."

## DISCUSSION

## I. The Trial Court Did Not Err in Concluding the Default Was Not Void

Arizona Townhomes contends the trial court incorrectly concluded that the action was not one to recover damages for personal injury. It further asserts that Watson's failure to file and serve a statement for damages under section 425.11 rendered the default and resulting default judgment void, irrespective of Watson's complaint identifying the special and general damages she sought. We conclude the trial court did not err in denying the motion to vacate the default as void.

### A. Applicable legal principles

Under section 580, subdivision (a), "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded

6

in the complaint . . . ." However, "where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated" in the complaint. (§ 425.10, subd. (b).) Instead, "[w]hen a complaint is filed in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages being sought." (§ 425.11, subd. (b); § 580, subd. (a).) "If no request is made for the statement referred to in subdivision (b), the plaintiff shall serve the statement on the defendant before a default may be taken." (§ 425.11, subd. (c).)

Civil Code section 3295, subdivision (e), similarly provides: "No claim for exemplary damages shall state an amount or amounts." But a "plaintiff preserves the right to seek punitive damages pursuant to Section 3294 of the Civil Code on a default judgment by serving upon the defendant" a notice consistent with the requirements set forth in section 425.115, subdivision (b). (§ 425.115, subd. (b); § 580, subd. (a) [default judgment cannot exceed relief demanded in § 425.115 statement].)

Under section 473, subdivision (b), a party may move for relief from default "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect," where the party moves "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Under subdivision (d), "[t]he court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) "The court may set aside a void default judgment *at any time* under section 473, subdivision (d)." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 749 (*Rodriguez*), italics added.)

7

"A judgment is void if the trial court lacks jurisdiction in a fundamental sense, as where it lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or granted relief the court had no power to grant. [Citations.] If the court has fundamental jurisdiction but exceeds its jurisdiction by acting contrary to its statutory duties, the judgment is merely voidable, not void. [Citations.] And a judgment that is merely voidable is not subject to section 473, subdivision (d)." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13; see also *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339–340 [distinguishing lack of fundamental jurisdiction from acts "in excess of jurisdiction"].)

We review an order denying a motion to vacate a default and set aside a judgment under section 473 or on equitable grounds for an abuse of discretion. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) However, we review de novo a trial court's determination as to whether a default or default judgment is void. (*Rodriguez, supra*, 236 Cal.App.4th at p. 752.) We will affirm the trial court judgment if it is correct on any legal theory. (*Rappleyea*, at pp. 980–981.)

> **B.** **Assuming this was a case for the recovery of personal injury damages, and Watson failed to comply with section 425.11, the entry of default was not void as Watson provided formal notice of the damages requested**

The parties dispute whether this case was one for personal injuries and whether, if a statement of damages was required, Watson served or filed one. We need not decide either issue. Assuming the case is one for personal injuries within the

8

meaning of sections 425.10 and 425.11 and Watson did not serve or file a statement of damages, we conclude Watson's lack of compliance with section 425.11 did not render the entry of default void since the amended complaint expressly identified the amount of economic (special) and non-economic (general) damages Watson was seeking.

Although section 425.11, subdivision (c), provides "the plaintiff shall serve the statement on the defendant before a default may be taken," cases have concluded that the failure to serve this notice, or the notice required under section 425.115, does not render a default or resulting default judgment void when the defendant was provided notice that satisfied due process requirements—that is, formal notice of the potential consequences of failing to defend the action. Thus, while entry of a default where the plaintiff failed to serve a statement of damages under section 425.11 may be voidable, it is not necessarily void.

Several cases establish the point. In *Greenup v. Rodman* (1986) 42 Cal.3d 822 (*Greenup*), the plaintiff filed a complaint against the defendants, charging, among other things, infliction of emotional distress. The plaintiff claimed damages " 'in a sum that exceeds the jurisdictional requirements of this court.' " (*Id.* at p. 825.) "[T]he only specific sum requested was $100,000 in exemplary and punitive damages: all other damages were to be 'subject to proof at time of trial' or 'as the court deems just.' " (*Ibid.*) The trial court struck the defendants' answer as a discovery sanction and entered default judgment in the amount of $676,000. (*Id.* at pp. 825–826.) On appeal, the Supreme Court observed that "[s]ection 580, and related sections 585, 586, 425.10 and 425.11, aim to ensure that a defendant who declines to

9

contest an action does not thereby subject himself to open-ended liability." (*Id*. at p. 826.) The Courts of Appeal had read these code sections "to mean that a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction," and "due process requires formal notice of potential liability; actual notice may not substitute for service of an amended complaint." (*Ibid*.)

The issue before the court was whether the default judgment could stand when the plaintiff "conced[ed] that she omitted to state an amount of damages in her demand for judgment as section 425.10, subdivision (b), requires . . . ." (*Greenup*, *supra*, 42 Cal.3d at p. 826.) The plaintiff also had not complied with section 425.11. The court explained "that due process requires notice to defendants, whether they default by inaction or by willful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Id*. at p. 829.) The court thus concluded "[i]t would undermine this concern for due process to allow the judgment herein to stand despite plaintiff's failure to meet the requirements of sections 425.10 or 425.11." (*Id*. at p. 827.)

However, the court did not find the entire default judgment invalid, rejecting the defendants' argument that because the "plaintiff stated no amount of damages in her prayer, she [was] entitled to no compensatory damages whatever." (*Greenup*, *supra*, 42 Cal.3d at p. 829.) The court instead concluded the

10

allegation in the complaint that the plaintiff "suffered damage 'in an amount that exceeds the jurisdictional requirements of this court[ ]' . . . gave sufficient notice to defendants that she claimed at least $15,000 in compensatory damages." (*Id.* at p. 830.) The Supreme Court therefore reduced the compensatory damages award to that amount. (*Ibid.*)

Our high court returned to the issue in *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 430 (*Rondel Homes*). In *Rondel Homes*, the plaintiffs brought an action for housing discrimination and "requested damages for each plaintiff for mental and emotional distress and for 'further monetary and pecuniary losses and damages' in amounts according to proof," as well as punitive damages of $500,000. (*Ibid.*) The defendants failed to respond and default was entered. (*Ibid.*) At a prove-up hearing, the trial court awarded each plaintiff " 'the principal sum of $50,000' " in damages. (*Id.* at pp. 430–431.) The trial court subsequently granted defendants' motion to set aside the default and default judgment on the ground the plaintiffs had failed to serve a statement of damages on defendants pursuant to section 425.11. (*Id.* at p. 431.) The Court of Appeal reversed the order setting aside the judgment but limited the default judgment to $25,000 per plaintiff for general damages. (*Ibid.*)

Our Supreme Court considered "whether a default may be entered and judgment taken where the plaintiff has failed to serve notice of damages on the defendant pursuant to section 425.11." (*Rondel Homes*, *supra*, 53 Cal.3d at p. 431.) After concluding the action was one for personal injury, the court rejected the plaintiffs' argument that "even if this case is a personal injury action for purposes of section 425.10, they [were] still entitled to the default entered by the trial court" because the

defendants had constructive notice that the plaintiffs were at least claiming damages in the amount of the trial court's jurisdictional minimum. (*Id*. at p. 432.)

The court explained that "[i]n *Greenup*, the plaintiff pleaded general damages, specifically stated to be in excess of the court's jurisdictional requirements. Based on such notice, [it] held that the defendant knew, or should have known, that the plaintiff was claiming at least $15,000 in general damages." (*Rondel Homes*, *supra*, 53 Cal.3d at pp. 433–434.) In contrast, "[b]ecause [the *Rondel Homes*] plaintiffs' claim for punitive damages had already established the superior court's jurisdiction, neither a layperson nor an experienced attorney could be presumed to know the amount of general damages plaintiffs were seeking in this case," based on the complaint alone. (*Id*. at p. 434.)

The Supreme Court further explained that "even though the plaintiff in *Greenup* did not follow the procedure required by sections 425.10 and 425.11, [the *Greenup* court] held that the plaintiff's prayer in the complaint for general damages 'in an amount that exceeds the jurisdictional requirements' of the superior court provided sufficient notice to that defendant of the amount of damages claimed." (*Rondel Homes*, *supra*, 53 Cal.3d at p. 435.) In *Rondel Homes*, "the fact that defendants had notice of plaintiffs' prayer for statutory damages in an amount according to proof but 'no less than $250' and punitive damages in the amount of $500,000 is not sufficient to meet the requirements of section 425.11." (*Ibid*.) The court thus did not disapprove of *Greenup*, but distinguished it, declining to hold on the facts before it "that notice of statutory or punitive damages provides

12

'notice' of special and general damages claimed as required by section 425.11." (*Ibid*.)

In *Cummings Medical Corp. v. Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1296 (*Cummings*), the cross-defendants argued that default should be vacated because they had not been served with a notice of punitive damages. Although the cross-defendants conceded that the cross-complaint specified the amount of punitive damages sought, they argued they were entitled to ignore the allegation because including the amount in the complaint violated Civil Code section 3295, subdivision (e). (*Ibid*.) The cross-defendants relied on *Rondel Homes* in support of this argument. (*Id*. at pp. 1296–1297.) The Court of Appeal observed: "The Supreme Court reversed the default judgment in [*Rondel Homes*], but *not* for the reason suggested by [cross-defendants]: failure to give a separate notice under Code of Civil Procedure section 425.11 of the amount of damages sought. The court had previously held in [*Greenup*], failure to give notice under Code of Civil Procedure section 425.11 is not fatal if the allegations in the complaint give sufficient notice to defendants of the damages sought. The judgment in [*Rondel Homes*] was reversed because the court found the complaint did not afford defendants sufficient notice of the special and general damages sought." (*Id*. at p. 1297.)

The *Cummings* court explained that "the appropriate precedent" was *Uva v. Evans* (1978) 83 Cal.App.3d 356 (*Uva*), in which the plaintiff's complaint requested a specific amount in general damages and the plaintiff obtained a default and default judgment without giving notice pursuant to section 425.11. (*Cummings*, *supra*, 10 Cal.App.4th at p. 1297.) "On appeal, defendant [in *Uva*] made essentially the same argument [the

13

cross-defendants in *Cummings*] ma[de] . . . : the statutory prohibition against specifying the amount of damages in the complaint renders such specification a nullity for purposes of the notice required by Code of Civil Procedure section 580. The [*Uva* court] rejected that argument, stating: 'Right or wrong, the complaint filed and served herein did contain a recitation of the damages sought and the judgment did not exceed the amount requested. In this case, section 580 was fully complied with. . . . [D]efendant suffered no conceivable prejudice from the procedure followed here.' [Citation.]" (*Id.* at p. 1297, quoting *Uva*, at pp. 360–361.) The *Cummings* court adopted this reasoning and concluded "[w]here . . . the defendant admits receiving actual notice of the punitive damages sought it would be a travesty of justice, much less logic, to hold defendant did not have actual notice." (*Cummings*, at p. 1298.)[2]

In *Sporn, supra,* 126 Cal.App.4th 1294, the plaintiff sued the defendant and "John Doe," alleging "John Doe" used the plaintiff's identity to obtain credit from the defendant, causing

---

[2] Some appellate courts have disagreed with *Uva v. Evans, supra,* 83 Cal.App.3d 356, to the extent it held that alleging a dollar amount for general damages but failing to allege a dollar amount for special damages was not prejudicial. (See *Hamm v. Elkin* (1987) 196 Cal.App.3d 1343, 1346–1347; *Jones v. Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 929–930.) The *Jones* court reasoned: "The amount of general damages awarded is usually correlated to the special damages proved. Where a default judgment is entered without defendant being informed of the potential special damages, the defendant lacks sufficient knowledge to make the decision of defending against or ignoring plaintiff's claims." (*Jones*, at p. 929.) There is no assertion here that Watson failed to identify the amount of special damages sought.

14

the plaintiff injuries, including physical and emotional distress. (*Id*. at p. 1297.)  In connection with each cause of action alleged in his complaint, the plaintiff prayed for $5 million in general damages and $10 million in punitive damages.  (*Ibid*.)  After the court entered a default and default judgment in the amount of $930,000, the defendant filed a motion to set aside the default and default judgment and recall the writ of execution, which the trial court denied.  (*Id*. at pp. 1298–1299.)

In affirming the trial court's ruling, the Court of Appeal rejected the defendant's attack on the judgment under section 425.11 for failure to serve a statement of damages. (*Sporn*, *supra*, 126 Cal.App.4th at p. 1302.)  It observed: "Section 425.11 was enacted to satisfy the due process requirement that defendants be apprised of their exposure before a default may be taken.  [Citation.]  But here the complaint, which was not limited to personal injuries and did not claim wrongful death, expressly apprised defendant of the amount demanded.  A statement of damages would have been superfluous and was not required under these circumstances." (*Ibid*.)  Thus, regardless of whether the action was one for personal injury, the judgment was not void because the defendant received express notice of the damages sought in the complaint.

Here, too, whether rightly or wrongly, the amended complaint expressly apprised Arizona Townhomes of the special and general damages for which it could be held liable.  Because Arizona Townhomes was not denied due process, the default was not void.[3]

---

[3]    Arizona Townhomes cites *Sass v. Cohen* (2020) 10 Cal.5th 861 (*Sass*), for the proposition that failure to comply with

Arizona Townhomes contends the 1993 amendment of section 425.11 fatally undermined or superseded *Uva*, *Rondel Holmes*, and *Cummings*. We disagree.

Before the 1993 amendment, section 425.11 required only that "the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken . . . ." (See Stats. 1974, ch. 1481, § 2, p. 3239.) It did not specify the manner in which the plaintiff was to give notice. While the California Supreme Court had already held in *Greenup* that *formal* notice was required, the statute did not indicate whether a plaintiff was required to personally serve a section 425.11 statement of damages. Courts had also grappled with whether service by mail was adequate (e.g., *California Novelties, Inc. v. Sokoloff* (1992) 6 Cal.App.4th 936, 945 [plaintiff's complaint did not state damages consistent with § 425.10 and statement of damages was served by mail; court found service by mail sufficient to satisfy due process notice requirements]), and what procedures were necessary when service of the summons and complaint was by publication (e.g., *Parish v. Peters* (1991) 1 Cal.App.4th 202, 207 [plaintiffs argued

---

section 425.11 renders the judgment void. Specifically, it relies on language stating: "Given 'the mandatory language' of these provisions, 'the court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute*,' and the court 'cannot act except in a particular manner' so specified." (*Id.* at p. 872.) However, the statutes referenced were sections 580 and 585. The *Sass* court cited *Greenup* with approval, which it would not do if its concern were for strict compliance with sections 425.10 and 425.11, rather than the " 'formal notice of potential liability' " required by decisions interpreting section 580. (*Id.* at p. 873.)

service of § 425.11 statement was not required when service was made by publication].)[4]  The purpose of the 1993 amendments was to integrate sections 425.11 and 580, and to require specific forms of service depending on whether the defendant has appeared in the action.  (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 58 (1993–1994 Reg. Sess.) as amended Aug. 16, 1993, p. 3; see also Irwin J. Nowick, Office of Assemblyman Steve Peace, letter and attached Assembly Bill No. 58 (1993–1994 Reg. Sess.) provisions analysis to Jeff Fuller, Association of California Insurance Companies, Jan. 26, 1993, and Irvin Nowick, Worksheet for Assembly Bill No. 58 (1993–1994 Reg. Sess.) Dec. 19, 1992.)

As amended, section 425.11, subdivision (c), required that "the plaintiff shall *serve* the statement on the defendant before a default may be taken."  (Italics added.)  It further provided that if the defendant had not appeared, the statement was to be served in the same manner as a summons; if the defendant had appeared, the statement was to be served upon the defendant's

---

[4]  Arizona Townhomes has requested that this court take judicial notice of two reports from the author of Assembly Bill No. 58 (1993–1994 Reg. Sess.) and a draft of that bill, which amended section 425.11.  We grant the request.  (Evid. Code, §§ 452, subd. (c), 459, subd. (a); *Peart v. Ferro* (2004) 119 Cal.App.4th 60, 81 [granting judicial notice of legislative materials that were not before the trial court].)  However, we note that we do not rely on statements of a single legislator, including the author of a bill, as necessarily indicative of legislative intent.  (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1062; *Tan v. Appellate Division of Superior Court* (2022) 76 Cal.App.5th 130, 141.)  We deny as moot Arizona Townhomes' request for leave to file a reply brief in support of the request for judicial notice.

17

attorney, or the defendant if he or she appeared without an attorney, in the manner provided for service of summons or in the manner set forth in section 1010 et seq. (Stats. 1993, ch. 456, § 2, p. 2523.)

The 1993 amendment did not address whether a defendant's right to due process is violated if a plaintiff, in violation of sections 425.10 and 425.11, provides actual, formal notice of the amount of damages sought in the complaint, rather than in a separate statement of damages. There is no indication in the language of the statute or the legislative history that the 1993 amendment was intended to supersede *Uva*, *Greenup*, *Rondel Homes*, or *Cummings*, to the extent those cases held a default or default judgment was not void if, despite a violation of sections 425.10 and 425.11, a complaint personally served on the defendant stated the damages the plaintiff sought, and any default judgment was limited to those stated damages.

Here, Watson set forth her damages in the amended complaint and formally served the amended complaint and summons. Arizona Townhomes does not argue that its mistake in failing to update its agent for service of process means that the formal service completed on its then-designated agent was invalid for purposes of due process. Nothing in the 1993 amendments invalidates the reasoning of earlier cases holding that a default or default judgment is not void where the plaintiff did not serve a statement of damages under section 425.11, but the complaint provided formal notice of the defendant's potential exposure, consistent with section 580.

We disagree with Arizona Townhomes' contention that *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308 (*Southern California Gas Co.*), disapproved of in *Sass v.*

18

*Cohen*, *supra*, 10 Cal.5th 861, mandates a different result in this case.  In that case, the cross-complaints that formed the basis of the default did not set forth the damages sought.  Instead, the cross-complainants served statements of damages on the defendant by mail.  (*Southern California Gas Co.*, at p. 1324.) "Neither statement of damages was served in the same manner as a summons, as section 425.11, subdivision (d), requires," and both cross-complainants "failed to give formal notice, in some form, of the amount of money damages they were seeking within a reasonable time before the defaults were entered."  (*Ibid*.) Although the cross-complainants later personally served statements of damages on the defendant at the trial court's suggestion, the trial court entered the defaults nunc pro tunc *before* the statements were properly served, which "gave [defendant] *no time* to respond to the cross-complaints, after it was finally given formal notice of the amount of damages the [cross-complainants] were seeking."  (*Ibid*.)

The court in *Southern California Gas Co.* observed that "sections 585 and 425.10 et seq. deprive the clerk and trial court of jurisdiction to enter a default, unless the defendant has been given formal notice of the amount of money damages or other relief sought."  (*Southern California Gas Co.*, *supra*, 114 Cal.App.4th at p. 1325.)  It therefore concluded that the defaults and judgments entered in favor of the cross-complainants were void.  (*Id.* at p. 1326.)

The circumstances here are plainly distinguishable from *Southern California Gas Co.*, where the cross-complainants only served the defendant by mail before default was entered and completed formal service after default was entered.  As discussed, Watson gave "formal notice, in some form, of the amount of

19

money damages [she sought] within a reasonable time before the default[ ] [was] entered." (*Southern California Gas Co.*, *supra*, 114 Cal.App.4th at p. 1324.) Arizona Townhomes cites no cases holding that a plaintiff's recitation of the amount of damages sought in a properly served complaint failed to provide formal notice. Indeed, notice of damages through a complaint is how formal notice is generally defined. (See, e.g., *Greenup*, *supra*, 42 Cal.3d at p. 826 ["due process requires formal notice of potential liability; actual notice may not substitute for service of an amended complaint"]; *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1019 ["Section 580 requires *formal* notice of damages sought *through the complaint* and does not consider whether a defendant had actual or constructive notice."].)[5]

---

[5] Arizona Townhomes also contends that "as noted in [*Southern California Gas Co.*]," the 1993 amendment to section 425.11 "effectively supersedes the 'actual notice' holding in [*Rondel Homes*]." We find Arizona Townhomes' reliance on this footnote in the case misplaced. In *Southern California Gas Co.*, the court explained that "in [*Rondel Homes*], our state Supreme Court noted that '[a] defendant is entitled to actual notice of the liability to which he or she may be subjected, *a reasonable period of time* before default may be entered,' " but observed in a footnote that *Rondel Homes* was decided before the 1993 amendments establishing that "actual notice does not satisfy section 425.11." (*Southern California Gas Co.*, *supra*, 114 Cal.App.4th at p. 1322 & fn. 10.) In this abbreviated reference, the *Southern California Gas Co.* court had no cause to consider whether the *Rondel Homes* court's reference to "actual notice" impliedly involved "formal notice," since, in *Rondel Homes*, as well as *Uva* and *Greenup*, which the *Rondel Homes* court cited, the plaintiffs stated damages at least to some extent in a

We also disagree that the use of "at least" in connection with the dollar amounts alleged in the amended complaint deprived Arizona Townhomes of adequate notice of Watson's demand. The circumstances here are distinguishable from those of *Dhawan v. Biring* (2015) 241 Cal.App.4th 963 (*Dhawan*), on which Arizona Townhomes relies. In *Dhawan*, the plaintiff filed a complaint alleging contract and fraud-based causes of action against the defendant. The plaintiff sought judgment " '1. For general damages, according to proof; [¶] 2. For special damages, according to proof; [¶] 3. For punitive damages where they are available under California law'; and injunctive relief, costs of suit and reasonable attorney fees." (*Id.* at p. 966.) The plaintiff obtained entry of default, but at the prove-up hearing, the trial court found that the plaintiff had not filed a statement of damages and vacated the prior defaults. (*Ibid.*) Thereafter, the plaintiff served a statement of damages on the defendant and the court issued default judgment for an amount less than the amount sought in the statement. (*Id.* at p. 967.) The defendant moved to set aside the judgment under section 473, subdivision (d), arguing the default judgment was void under section 580 because the damages exceeded the amounts demanded in the complaint. (*Ibid.*) The court granted the motion and the plaintiff appealed. (*Id.* at pp. 967–968.)

On appeal, the defendant argued that "a default judgment cannot meet the requirements of section 580 where the plaintiff serves a statement of damages in lieu of an amended complaint, where the claims do not involve personal injury or wrongful death

complaint formally served on the defendant. In any event, as explained above, Watson's complaint provided both actual *and* formal notice of the damages sought.

21

and the judgment is not for punitive damages." (*Dhawan, supra,* 241 Cal.App.4th at p. 969.) The Court of Appeal agreed and observed that "[t]he 'strict construction' of section 580 as articulated by the Supreme Court has led the Courts of Appeal to consistently reject the argument that a statement of damages can satisfy the section's notice requirements *in cases that do not involve personal injury or wrongful death*." (*Id.* at p. 970, italics added.) It concluded "[t]he statement of damages served on defendant was ineffective because plaintiff's case did not involve personal injury or wrongful death, and because the default judgment did not include an award of punitive damages." (*Id.* at p. 973.)

The situation here is the opposite of *Dhawan.* As noted, we are assuming that Watson did not provide a section 425.11 statement of damages and improperly alleged the damages she sought in the amended complaint. *Dhawan*'s conclusion that service of a statement of damages cannot remedy the failure to allege damages in the complaint in non-personal injury cases does not indicate that stating the amount of damages sought in the complaint in a personal injury case is insufficient for purposes of due process.

*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489 (*Becker*), is instructive. In *Becker*, our high court concluded a default judgment should have been vacated where the "complaint sought damages 'in excess of $20,000 . . . or according to proof,' punitive damages of $100,000, and costs" and the trial court rendered judgment by default in the amount of $26,457.50 for compensatory damages. (*Id.* at p. 492.) The court observed that "[s]ection 580 provides in relevant part that '[the] relief granted to the plaintiff, if there be no answer, cannot exceed that which

22

he shall have demanded in his complaint . . . .' The primary purpose of this section is to insure that defendants in cases which involve a default judgment have adequate notice of the judgments that may be taken against them." (*Id.* at p. 493.) Because "the specific amount of damages alleged in the complaint was $20,000 . . . the trial court exceeded its jurisdiction under section 580 insofar as it awarded damages in excess of that amount." (*Id.* at p. 494.)

Accordingly, *Becker* establishes that the trial court is limited to dollar amounts specifically stated in the complaint when entering judgment. (See also *Traci & Marx Co. v. Legal Options, Inc.* (2005) 126 Cal.App.4th 155, 160 [because "fundamental fairness requires that a default judgment be limited to 'the specific amount of damages alleged in the complaint[ ]' . . . a prayer for relief of an amount 'in excess of' a specified dollar amount will result in an award of 'no more than' that dollar amount"].) The court's reasoning further counters the claim that a default judgment should be set aside as void any time the amount of damages sought in a complaint is modified by terms such as "in excess of" or "at least." Here, the amended complaint identified economic damages in the amount of $160,000 and non-economic damages in the amount of $800,000. Arizona Townhomes was therefore on notice of the nature and amount of special and general damages Watson sought. The trial court ultimately awarded economic damages of $160,000 and non-economic damages of $160,000. Thus, the judgment did not exceed the amounts alleged in the amended complaint.

Arizona Townhomes also fails to establish that Watson's failure to file and serve a Judicial Council form CIV-050 setting forth the special and general damages sought renders the

23

judgment void.  Although the Judicial Council developed and approved form CIV-050 for mandatory use as a statement of damages under section 425.11,[6] Arizona Townhomes cites no decisions—and we are aware of none—holding that the failure to serve or file this form violates a defendant's due process rights where the complaint allowed the defendant to make a fair and informed decision whether to defend the case.  Although the failure to complete the special and general damages portion of this form may have rendered the default voidable, it does not establish that the trial court lacked fundamental jurisdiction to enter judgment.  (See *Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1170–1171 [party's failure to use mandatory Judicial Council form for attorney fee request did not deprive trial court of fundamental jurisdiction to award fees]; *In re Kobe A.* (2007) 146 Cal.App.4th 1113, 1122–1123 [failure to serve alleged father with statutorily-mandated Judicial Council form was not reversible per se error].)

The other decisions on which Arizona Homes relies for the proposition that a default and default judgment are void where no statement of damages is served are distinguishable.  In *Yu v. Liberty Surplus Ins. Corp.* (2018) 30 Cal.App.5th 1024, 1032, the "cross-complaint . . . prayed for 'compensatory damages according

---

[6]     See section 425.12, subdivision (b) ["The Judicial Council shall develop and approve an official form for use as a statement of damages pursuant to Sections 425.11 and 425.115."]; Gov. Code, § 68511 ["The Judicial Council may prescribe by rule the form and content of forms used in the courts of this state.  When any such form has been so prescribed by the Judicial Council, no court may use a different form which has as its aim the same function as that for which the Judicial Council's prescribed form is designed."].

to proof' " and thus "did not state an 'amount' of damages. Since no amount of damages was stated, the [cross-defendants] were not put on notice of the amount of the potential default judgment." In *Department of Fair Employment & Housing v. Ottovich* (2014) 227 Cal.App.4th 706, 713, the plaintiff "did not file a statement of damages before default judgment was entered; recognizing the impropriety of this procedure, the trial court later vacated the default while leaving intact its order striking [the defendant's] answer." The question on appeal was whether the court was also required to reinstate the defendant's answer when it vacated the default (*ibid*.), not whether alleging the damages sought in the complaint in a personal injury action satisfied due process.

In *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1503, an accounting action, "[n]owhere in the complaint did [the plaintiff] demand a particular amount of damages, either compensatory or punitive." "Because [the plaintiff] did not notify [the defendant] of the amount of money she was seeking from him—either in the complaint or in a statement of damages—the default judgment [could not] stand because it was in excess of the trial court's jurisdiction to enter it." (*Id*. at pp. 1528–1529.) Finally, the issue in *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1317, was whether the plaintiff, whose service by publication of the summons included a statement of damages, "was required to obtain a separate court order to effect valid service of the statement of damages." Thus, each of the decisions concerned different issues than those before us.

Because we conclude the judgment was not void, we reject Arizona Townhomes' argument that Watson was not entitled to

25

recover costs for the recovery of judgment under section 685.040 on that basis.

## DISPOSITION

The judgment is affirmed.  Watson shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

26